## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan Humphrey Lefkow | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6953 | DATE | JAN 25 2008 |
| CASE TITLE | Arthur Newby (#2007-0035793) v. Salvador Godinez | | |

### DOCKET ENTRY TEXT:

Plaintiff Arthur Newby's motion for leave to file his complaint *in forma pauperis* [3], is granted. Finding that plaintiff is unable to pay the initial partial filing fee, the Court waives such payment. However, the Cook County Jail trust fund account officer is authorized and directed to make deductions from plaintiff's jail trust fund account in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at Cook County Jail. Plaintiff may proceed with his claims against defendant Salvador Godinez. The clerk shall issue summonses for this defendant, and the United States Marshals Service is appointed to serve Salvador Godinez. The clerk shall send to plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, Arthur Newby (#2007-0035793), currently in custody at Cook County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Cook County Department of Corrections Director Salvador Godinez. Plaintiff alleges that, in September 2005, he was sexually assaulted by his cellmate, and that plaintiff informed defendant Godinez several times before the assault that plaintiff's cellmate posed a threat.

The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. The court also finds that plaintiff has neither the means nor the assets to pay an initial partial filing fee, and waives the initial payment. 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at Cook County Jail is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another facility.

Preliminary review of plaintiff's complaint reveals that it may proceed forward at this time. *See* 28 U.S.C. § 1915A; *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005). Although plaintiff filed this action more than two years after defendant allegedly failed to protect plaintiff, he asserts that he sought administrative remedies, which may have affected the limitations period. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001).
(CONTINUED)

isk

## STATEMENT (continued)

    The United States Marshals Service is appointed to serve defendant Cook County Department of Corrections Director Salvador Godinez. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former employees who can no longer be found at the work address provided by plaintiff, Cook County Jail officials shall furnish the Marshal with defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action, both an original and a judge's copy, with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.