**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHUR NEWBY, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6953 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan Humphrey Lefkow |
| SALVADOR GODINEZ, DIRECTOR | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER BY GODINEZ TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Executive Director Salvador Godinez by his attorney

RICHARD A. DEVINE, State's Attorney of Cook County, through Romano D. DiBenedetto,

Assistant State's Attorney, and answer Plaintiff's Complaint as follows:

1.      On September 29, 2005, the Plaintiff was housed on Section A-G in housing Unit

#11.  The Plaintiff was assigned to the cell with a detainee named Paul Smith.

ANSWER:     Salvador Godinez denies the averments in this paragraph.

2.      On September 29, 2005 the Plaintiff sustained serious injuries after refusing to

submit to a sexual assault.   Prior to the attempted sexual assault, the Plaintiff wrote the

defendant Salvador Godinez as many as ten letters informing him that detainee Paul Smith posed

a threat the Plaintiff's safety.

ANSWER:     Salvador Godinez denies the averments in this paragraph.

3.      The defendant refused to take any action to assist the Plaintiff, defendant,

Salvador Godinez, could have prevented the attacked which resulted in the Plaintiff sustaining a

broken jaw, and other serious injuries, as of this date, Paul Smith is assigned on the same unit

with the Plaintiff.

ANSWER:     Salvador Godinez denies the averments in this paragraph.

4.     The office of Internal Affairs responded to the grievance filed by the Plaintiff, however, it appears that because the grievance was against the Director, Salvador Godinez, the office of Internal Affairs has taken no action.

ANSWER:     Salvador Godinez denies the averments in this paragraph.

5.     The grievance was filed on October 4, 2005, as of this date, the Plaintiff has heard nothing from the grievance committee or Internal Affairs, the defendant, Salvador Godinez, has knowingly interfered with the grievance process in that he prevented the grievance, and investigation from moving forward against him.

ANSWER:     Salvador Godinez denies the averments in this paragraph.

6.      Nearly, two years to hear a grievance, and receive the results of an investigation is unreasonable.

ANSWER:     Salvador Godinez denies the averments in this paragraph.

WHEREFORE, based upon the foregoing, Defendant Executive Director Salvador Godinez, in his individual and official capacities, respectfully requests that this Honorable Court grant judgment in Defendant's favor and against Plaintiff on all aspects of his Complaint. Defendant further requests that this Honorable Court grant him fees, costs, and such other relief that this Court deems just and appropriate.

## **AFFIRMATIVE DEFENSE #1**

NOW COME Defendant Executive Director Salvador Godinez by his attorney RICHARD A. DEVINE, State's Attorney of Cook County, through Romano D. DiBenedetto, Assistant State's Attorney, and pleads the following affirmative defense:

1.     Plaintiff, while an inmate, failed to exhaust his administrative remedies before

filing this action.  Therefore, this action should be dismissed pursuant to the Prison Litigation

Reform Act, 42 U.S.C. § 1997e(a).

WHEREFORE, based upon the foregoing, Defendant Executive Director Salvador

Godinez, in his individual and official capacities, respectfully requests that this Honorable Court

grant judgment in Defendant's favor and against Plaintiff on all aspects of his Complaint.

Defendant further requests that this Honorable Court grant him fees, costs, and such other relief

that this Court deems just and appropriate.

### AFFIRMATIVE DEFENSE #2

NOW COME Defendant Executive Director Salvador Godinez by his attorney

RICHARD A. DEVINE, State's Attorney of Cook County, through Romano D. DiBenedetto,

Assistant State's Attorney, and pleads the following affirmative defense:

1.      Plaintiff's claims against defendants should be dismissed because they are barred

by the two-year statute of limitations applicable to Section 1983 actions. *Wilson v. Garcia*, 471

U.S. 261, 279 (1985); *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993).

WHEREFORE, based upon the foregoing, Defendant Executive Director Salvador

Godinez, in his individual and official capacities, respectfully requests that this Honorable Court

grant judgment in Defendant's favor and against Plaintiff on all aspects of his Complaint.

Defendant further requests that this Honorable Court grant him fees, costs, and such other relief

that this Court deems just and appropriate.

## JURY DEMAND

Defendant demands a trial by jury.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

by:    <u>s/Romano D. DiBenedetto</u>
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4634
6220301