UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR NEWBY, *pro se* | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6953 |
| | ) | |
| vs. | ) | Honorable Joan H. Lefkow |
| | ) | |
| SALVADOR GODINEZ | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT**

Defendant Salvador Godinez, Executive Director of the Cook County Department of Corrections, by his attorney Richard A. Devine, State's Attorney of Cook County, through his Assistant State's Attorney, Daniel J. Fahlgren, move this court for summary judgment pursuant to Fed. R. Civ. P. 56. In support of the motion, defendant states the following:

**FACTS**

Plaintiff brings this action under the Civil Rights Act, 42 U.S.C. § 1983 alleging that defendant showed deliberate indifference to his safety by failing to protect him from attack by another detainee at the Cook County Department of Corrections (CCDOC).

Defendant maintains that Plaintiff has not produced evidence to create a genuine issue of material fact as to whether: 1) defendant Godinez had any notice that Plaintiff had been threatened with serious harm by another detainee before the detainee suddenly attacked him in their cell; and 2) defendant acted with deliberate indifference to a serious threat to Plaintiff's

1

safety from his cell mate in violation of Plaintiff's constitutional rights. Defendant therefore requests that this honorable court grant summary judgment in his favor.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who will bear the burden of proof on a particular issue at trial may not rest on the pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

## ARGUMENT

### Defendant Godinez had No Notice the Plaintiff Was in Danger of Being Assaulted by his Cellmate.

Plaintiff alleges that by not moving him to another cell, Executive Director Godinez failed to protect him from attack by his cellmate Paul Smith. However Plaintiff's own testimony makes it clear that Director Godinez did not know before the assault that Plaintiff was in danger of attack from Smith, or that Plaintiff was seeking a change of cell assignment. Without prior notice that Plaintiff was in danger, Director Godinez did not act with deliberate indifference to

2

Plaintiff's safety. Therefore there is no genuine issue of material fact as to whether Director Godinez had notice of a specific threat and caused Plaintiff to suffer a violation of his constitutional rights; therefore Director Godinez is entitled to summary judgment in his favor.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment, and places a duty upon jail officials to protect pretrial detainees from violence at the hands of other inmates. *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992); *Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). In order to state a cognizable constitutional claim, Plaintiff must establish that defendant acted or failed to act with "deliberate indifference" despite knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 114 S.Ct. 1970 (1994).[1] The court in *Farmer* analogized deliberate indifference to criminal recklessness. *Id*. at 1980. "An act is reckless in the pertinent sense when it reflects complete indifference to risk-- when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)(en banc)(emphasis added) Mere negligence or even gross negligence does not amount to deliberate indifference. *Id*. Thus, it is not sufficient to show that the jail official merely failed to act reasonably. *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991).

In order to establish the liability of a jail official, a plaintiff must establish that the *official knew of the risk* (or high probability of the risk) and did nothing. *Billman v. Indiana Department of Corrections*, 56 F.2d 785, 788 (7th Cir. 1995) (emphasis added). Knowledge of impending harm is proved in one of two ways: (1) by showing the prisoner complained to prison officials about a specific threat to his safety; or, (2) by showing the existence of so substantial a risk of

---

[1] In *Farmer*, the Supreme Court cautioned that not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the jail officials responsible for the victim's safety. *Id*. at 1977.

harm that the defendants' knowledge of the risk can be inferred. *James v. Milwaukee County*, 956 F.2d 696 (7th Cir. 1992); *Goka v. Bobbit*, 862 F.2d 646, 650 (7th Cir. 1988).

In *McGill, supra*, a prison inmate who was sexually assaulted by another inmate charged prison officials and guards with recklessness. In reaching its decision as to the defendants' recklessness, the court noted, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Id*. at 349. Whether a plaintiff actually tells prison officials of any threats against him, however, does not conclusively establish whether the officials knew that a substantial risk to the prisoner's safety existed. The *McGill* court ruled against the plaintiff for his failure to prove that the officials knew of the threat to his safety by way of either his claims or the existence of an obvious risk. *Id*. at 349-350.

The Court noted in *Farmer* that apart from actual knowledge, a plaintiff may establish defendants' awareness of impending harm by reliance on any relevant evidence. *Farmer* at 1981-82. Thus, a plaintiff must prove an objectively substantial risk of serious harm. *See Leslie v. Doyle*, 868 F.Supp. 1039,1045 (N.D.Ill. 1994). To permit a trier of fact to find that the defendant-official had actual knowledge of the risk, a plaintiff must show:

> that a substantial risk of inmate attacks was "longstanding, pervasive, well documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant official being sued had been exposed to information concerning the risk and thus `must have known about it.'...." *Id*. at 1981.

### A. There is No Evidence to Indicate that defendant had any Knowledge of Impending Harm to Plaintiff.

Plaintiff sues only Executive Director Godinez for failing to respond to his wish to be moved to a cell away from Paul Smith. Plaintiff alleges that as a result of deliberate indifference

4

by Godinez, he was assaulted by his cellmate Paul Smith and two other inmates. Plaintiff offers no evidence to prove that Godinez had any knowledge that other inmates posed a danger to Plaintiff before the attack. Thus there is no genuine issue of material fact as to whether Godinez violated Plaintiff's constitutional rights to due process.

Plaintiff testified that he was held in tier AG of Division 11 with Paul Smith. (Defendant's LR56.1 (a)(3) Statement of Material, Uncontested Facts,"SOMUF" 1) Paul Smith had been Plaintiff's cellmate for approximately two weeks before the attempted assault. (SOMUF 4) On many occasions during the two weeks that they were in the cell together, Paul Smith asked Plaintiff about being homosexual and about homosexual activities. (SOMUF 5) During the two week period Plaintiff asked a correctional officer named Nixon to move him out of his cell: Nixon said no. (SOMUF 6, 7) Plaintiff wrote "10-20" letters addressed to Executive Director Godinez. (SOMUF 8) Plaintiff does not have any copies of any of the letters he sent.(SOMUF 10) Plaintiff does not know whether Director Godinez ever read, or even received any of his letters.(SOMUF 11, 12) Plaintiff testified that there was no other way for Godinez to have been aware of a problem with Plaintiff and Paul Smith. (SOMUF 16)

Plaintiff has no information to indicate that Director Godinez was aware that Plaintiff wished to be moved to a cell away from Paul Smith. (SOMUF 15) Smith did not threaten Plaintiff, but asked Plaintiff questions about homosexual activities and being homosexual. (SOMUF 18) Plaintiff has no information to indicate that Director Godinez was trying to implement a policy that intentionally or inadvertently punished him.(SOMUF 13, 14) Plaintiff did not receive a response to his letters from Director Godinez. (SOMUF 17)

On September 29, 2005 Paul Smith tried to sexually assault Plaintiff. (SOMUF 3) Paul Smith suddenly awoke Plaintiff in his cell at 3:00 A.M., wrapped a sheet around Plaintiff's face

and attempted to try to pull Plaintiff's pants down. (SOMUF 19) Smith, and two other inmates he let into the cell, began to repeatedly punch Plaintiff. (SOMUF 20) Plaintiff was not sexually assaulted by the other inmates, but he suffered a broken jaw and fractured nose during the attack. (SOMUF 21) Plaintiff never spoke to, or wrote to Director Godinez about the attack by Smith. (SOMUF 23, 24) Three days after the attack by Smith Plaintiff was transferred out of Cook County Jail to the Illinois Department of Corrections. (SOMUF 25) Director Godinez does not know and never knew that Plaintiff filed a detainee grievance about his problems with Smith.(SOMUF 26)

Although Plaintiff sought a cell transfer from correctional officer Nixon, it is very clear from Plaintiff's testimony that there is no evidence that Executive Director Godinez knew of the Plaintiff's wish to change cells, nor of any threats to Plaintiff's safety. There is no evidence sufficient to show that Godinez had knowledge or notice of a serious threat to Plaintiff's safety and acted with deliberate indifference. From Plaintiff's testimony that the 3:00 A.M. beating by the other inmates was a surprise attack that Plaintiff himself did not know was coming.

Furthermore there is no evidence to indicate that Smith had a long standing history of violence history against cellmates or that Godinez was aware of any history sufficient to put Godinez on constructive notice that Smith posed a danger to Plaintiff. Plaintiff and Smith had been cellmates for only approximately two weeks before the sudden nocturnal attack on Plaintiff. Plaintiff's testimony establishes that Godinez did not have prior notice of a danger sufficient to show that he committed or omitted any act with deliberate indifference to Plaintiff's safety. There is no evidence to support Plaintiff's claim that Godinez violated his constitutional right as a pretrial detainee to be free from punishment.

**CONCLUSION**

The record is clear that Plaintiff did not put Director Godinez on notice that he was in danger of assault by his cellmate before the sudden attack. Furthermore it is clear that there was no longstanding history of assault on Plaintiff by Smith to have put Godinez on constructive notice that Plaintiff was in danger from Smith. Plaintiff admits that although he wrote letters to Godinez complaining of Smith's harassment, Godinez had no knowledge that Plaintiff wanted to move from the cell away from Smith. Plaintiff testified that Godinez did not know that he wanted to get away from Smith before the assault. For these reasons, there is no genuine issue of material fact as to Godinez having knowledge of a danger to Plaintiff and Defendant Godinez is entitled to summary judgment.

WHEREFORE, Defendant Executive Director Salvador Godinez respectfully requests that this Honorable Court grant summary judgment in his favor and against Plaintiff along with fees and costs and such other relief as this court deems just and appropriate.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:    s/ Daniel J. Fahlgren
    Daniel J. Fahlgren
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-3304
    6201163